IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AZHAR LAL,

        Plaintiff,                        No. 2:10-cv-1051 JAM DAD P

    vs.

M.D. McDONALD, et al.,

        Defendants.           <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. Pending before the court is plaintiff's amended complaint.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

1  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
2  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
3          The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

7  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
8  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
9  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
10 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
11 meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or
12 omits to perform an act which he is legally required to do that causes the deprivation of which
13 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
14         Moreover, supervisory personnel are generally not liable under § 1983 for the
15 actions of their employees under a theory of respondeat superior and, therefore, when a named
16 defendant holds a supervisorial position, the causal link between him and the claimed
17 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
18 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory
19 allegations concerning the involvement of official personnel in civil rights violations are not
20 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### PLAINTIFF'S AMENDED COMPLAINT

22         In his amended complaint, plaintiff has identified as the defendants Warden
23 McDonald and nearly two dozen other prison officials employed by High Desert State Prison
24 (HDSP) or the California Department of Corrections and Rehabilitation (CDCR).  Plaintiff
25 alleges in his amended complaint that the defendants have denied him access to courts and
26 retaliated against him.  Specifically, in his first claim, plaintiff alleges that went to the law library

and showed defendant Williams two letters from "Fair Trials Abroad" in which they requested a copy of his petition for writ of habeas corpus and petition for writ of certiorari to the United States Supreme Court. According to plaintiff, defendant Williams refused to make him copies of those documents because plaintiff could not afford to pay for the copies from his trust account. Plaintiff filed an inmate appeal regarding defendant Williams' refusal to provide him copies, and in response to that grievance defendants Runnels and McDonald found that defendant Williams had acted appropriately because correspondence between prisoners and attorneys or public officials is not considered legal material under departmental regulations. Plaintiff appealed from that decision to the director's level of review, but defendant Grannis insisted that plaintiff's appeal was not timely filed. Ultimately, plaintiff alleges, the Supreme Court denied his pending petitions. In his amended complaint, plaintiff blames defendants for his lack of success before the Supreme Court because, plaintiff claims, "Fair Trials Abroad" could have assisted him had he been able to provide them with the necessary copies of his documents. (Am. Compl. at 5-8.)

In his second claim, plaintiff alleges that he received a court order in a civil case from this court allowing him to either serve nine defendants or amend his complaint to state a cognizable claim against six additional defendants. Shortly thereafter, an unnamed prison guard came to plaintiff's cell and threatened him with regard to that civil litigation. Plaintiff alleges that a prison lock-down then took place during which time prison officials searched his cell and found two weapons. As a result, a rules violation report was issued against him and he was placed in administrative segregation. While in administrative segregation, plaintiff alleges that he asked for his legal property but did not receive it even though prison officials had fully granted his inmate appeal for the return of his property. According to plaintiff, he withdrew a petition for discovery in his habeas corpus case pending in the California Supreme Court because prison officials refused to give him his legal property. Only after petitioner filed a petition for writ of habeas corpus with Lassen County complaining that he had not received his legal property, did prison officials turn over some of his property. Plaintiff notes, however, that other

inmates with no legal deadlines received their property sooner, making it clear that his is a case of retaliation.  Ultimately, plaintiff alleges that the California Supreme Court denied his petition for writ of habeas corpus.  (Am. Compl. 6-16.)

**DISCUSSION**

The allegations in plaintiff's amended complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff elects to proceed with this action by filing a second amended complaint, he is advised of the following legal standards.  First, as to plaintiff's denial of access

to courts claims, he is advised that he must allege facts demonstrating an "actual injury," such as dismissal of a case, to state a cognizable claim for denial of access to the courts. See Lewis v. Casey, 518 U.S. 343, 351-52 (1996); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989). In his amended complaint, plaintiff acknowledges that the U.S. Supreme Court and the California Supreme Court ultimately denied his petitions. In any second amended complaint, plaintiff will need to clarify what the actual injury is that he is alleging he suffered. See Lewis, 518 U.S. at 348 ("actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."). Moreover, plaintiff will need to elaborate on how defendants denied him access to the courts. In particular, in his amended complaint, plaintiff's allegations do not state a plausible basis for his belief that defendants' failure to copy his petitions for "Fair Trials Abroad" or their failure to provide him with his legal property so he could complete a petition for discovery (as opposed to the merits of his petitions) caused the courts to rule unfavorably against him or otherwise interfered with his access to the courts so as to rise to the level of a constitutional violation.

As to plaintiff's retaliation claim, he is advised that under the First Amendment, prisoners have a constitutional right to file prison grievances and pursue civil rights litigation in the courts. See Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). Prison officials may not retaliate against prisoners for doing so. See id. at 568. In this regard, the Ninth Circuit has explained:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Id. at 567-68.

Here, plaintiff's allegations fail to state a cognizable retaliation claim. Specifically, it is not clear why plaintiff believes the defendants purportedly withheld his legal

property from him as a form a retaliation.  For example, plaintiff's allegations do not indicate that any of the defendants knew that he had civil litigation pending in this court or that he had filed any inmate appeals complaining about the conditions of his confinement at the time he was awaiting his legal property.  As noted above, to state a cognizable retaliation claim, plaintiff must allege facts establishing that the defendants' conduct was substantially motivated by, or because of, plaintiff's engagement in protected conduct.  A retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, literally, "after this, therefore because of this."  See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000).

Finally, insofar as plaintiff is attempting to state a claim against defendants for the way in which they processed his inmate appeals, he is advised that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  As such, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner.  See Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights).  Furthermore, to the extent that plaintiff may believe defendants' denial or screening out of his appeals gives rise to a denial of access to courts claim, he is incorrect.  Such a claim accrues only when a prisoner suffers an actual injury, and any speculation on plaintiff's part that a denial or screening out of his inmate appeal will lead to a future litigation injury is insufficient.  See Christopher v. Harbury, 536 U.S. 403, 415 (2002).

Plaintiff is informed that the court cannot refer to prior pleadings in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the prior pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. No. 11) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's amended complaint (Doc. No. 17) is dismissed;

4. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: July 19, 2012.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
lal1051.14am