UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZHAR LAL, | No. 2:10-cv-1051 JAM DAD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| M.D. McDONALD et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint.

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant

2

holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S SECOND AMENDED COMPLAINT

In the present case, plaintiff has identified as the defendants Warden McDonald and nearly two dozen other prison officials employed by High Desert State Prison ("HDSP").  In his second amended complaint, plaintiff asserts three claims against the defendants.  First, plaintiff claims that the defendants denied him access to the courts when law librarian defendant Williams refused to make plaintiff free copies of legal documents to send to Fair Trials Abroad, a London-based charity that works to promote fair trials, and other defendants denied his administrative grievance in which plaintiff complained about defendant Williams' alleged conduct.  (Sec. Am. Compl. at 4-7.)

Second, plaintiff claims that the defendants denied him access to the courts when they refused to provide him with his legal property after he was placed in administrative segregation.  Plaintiff alleges that he repeatedly requested access to his property and told defendants that he had legal deadlines pending, but they nonetheless refused to provide him with his property and claimed they did not know where his property was.  According to plaintiff, only after he filed a petition for writ of habeas corpus with the Lassen County Superior Court did prison officials turn over some of his property.  Plaintiff alleges that defendants' conduct forced him to withdraw a petition he had pending before the California Supreme Court.  (Sec. Am. Compl. at 8-14.)

Finally, plaintiff claims that defendant Harper retaliated against him when he issued plaintiff a prison rules violation report for possession of an inmate-manufactured weapon. Plaintiff alleges that officers searched his cell and found two pieces of sharpened metal that were previously the tops of nail clippers.  Plaintiff maintains that the defendant Harper abused his discretion when he determined that the two pieces of metal could inflict traumatic injury. Plaintiff alleges that defendant Harper's actions and other defendants' approval of his conduct

during the inmate appeals process were intended to punish plaintiff because he had filed complaints against various prison officials. (Sec. Am. Compl. at 15-16.)

## DISCUSSION

I. Plaintiff's Second Amended Complaint Should Be Dismissed

The court will recommend dismissing plaintiff's complaint for failure to state a cognizable claim for relief. As to plaintiff's first and second claims for denial of access to the courts, the Ninth Circuit Court of Appeals has discussed in detail the two types of access to court claims: "those involving prisoners' right to affirmative *assistance* and those involving prisoners' rights to litigate without active *interference*." Silva v. DeVittorio, 658 F.3d 1090, 1102 (9th Cir. 2011). As to a prisoner's right to affirmative assistance, the right of access to the courts requires prison officials to assist prisoners "in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977)). As to a prisoner's right to litigate without active interference, the right of access to the courts "forbids states from 'erect[ing] barriers that impede the right of access of incarcerated persons'" to file civil actions that have a "reasonable basis in law or fact." Id. at 1102 (quoting Snyder v. Nolen, 380 F.3d 279, 290 (7th Cir. 2004) & John L. v. Adams, 969 F.2d 228, 235 (6th Cir. 1992)). A prisoner asserting any denial of access to the courts claim must allege the anticipated or lost underlying cause of action as well an "actual injury," – "that is 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." See Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis v. Casey, 518 U.S. 343, 348-49 (1996).

Turning now to plaintiff's first denial of access to the courts claim based on defendant Williams' alleged failure to copy his petition for writ of certiorari for free so that plaintiff could send it to send to the organization Fair Trials Abroad, plaintiff's allegations do not rise to the level of a constitutional violation. As an initial matter, plaintiff filed his petition for writ of certiorari in the Supreme Court on February 28, 2007, well before he allegedly sought to make copies of his materials to send to Fair Trials Abroad on May 9, 2007. (Sec. Am. Compl. at 4 & Ex. A.) Plaintiff alleges that his petition had merit, but he did not know how to file the

"remaining documents" before that Court. (Id. at 6.) However, plaintiff did not need to file any further documents or briefing with the Court because no brief in opposition was filed in his case. (Id., Ex. A.)

Moreover, even assuming for the sake of argument that plaintiff has adequately alleged that defendant Williams denied him the right to "affirmative assistance" or engaged in "active interference," plaintiff has not adequately alleged what his lost underlying cause of action was. "The underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." Harbury, 536 U.S. at 415. Plaintiff briefly mentions the claims in his petition for writ of certiorari ranged from challenges to his extradition, violations of the Vienna Convention, and prosecutorial misconduct. (Sec. Am. Compl. at 6-7.) However, these vague allegations are insufficient to give fair notice to any defendant or to show that the "'arguable' nature of the underlying claim[s] is more than hope." Harbury, 536 U.S. at 416.

Nor has plaintiff adequately alleged an "actual injury" in support of his claim as required. See Lewis, 518 U.S. at 348-49. Plaintiff filed his petition for writ of certiorari, the Supreme Court scheduled his petition for review, and ultimately, the Supreme Court denied his petition. (Sec. Am. Compl., Ex. A.) In this regard, plaintiff has not suffered any "actual injury" as a result of being "shut out of court." Harbury, 536 U.S. at 415. Plaintiff alleges that he would have been able to prove his claims with assistance from the organization Fair Trials Abroad, but plaintiff's conclusory allegation in this regard assumes too much. First, plaintiff assumes that Fair Trials Abroad would have provided him with timely substantive assistance had he sent the organization the copies of the petition at issue. In addition, plaintiff assumes that Fair Trials Abroad's assistance would have led to a meritorious outcome on his petition for writ of certiorari before the Supreme Court. Plaintiff's allegations are simply too speculative to constitute an "actual injury" or actual prejudice to support a constitutional claim for denial of access to courts. See, e.g., Aaron v. Cano, No. 1:08-cv-0664-AWI-GBC (PC), 2010 WL 5158877 at *1 (E.D. Cal. Dec. 13, 2010) ("Plaintiff's assertion that if circumstances were different, Plaintiff could have been more successful in litigating his claim or could have obtained a more satisfactory settlement is

5

1  speculative and cannot establish actual injury."). In any event, the issue is whether plaintiff was
2  denied an opportunity to have the merits of his claim tested and not whether he would have been
3  successful. See Allen v. Sakai, 48 F.3d 1082, 1085 (9th Cir. 1994). Under the circumstances of
4  this case, plaintiff was not denied any such opportunity. Accordingly, the court will recommend
5  that this claim be dismissed.

6  Similarly, with respect to plaintiff's second denial of access to the courts claim based on
7  the defendants' alleged refusal to provide him with his legal property, plaintiff's allegations do
8  not rise to the level of a constitutional violation. Plaintiff alleges that defendants refused to
9  provide him with his legal materials after placing him in administrative segregation, and as a
10 result, he withdrew one of his petitions pending before the California Supreme Court because
11 could not adequately respond to respondent's answer. (Sec. Am. Compl. at 12-13.) Although
12 plaintiff has clearly alleged that defendants engaged in "active interference," again, plaintiff has
13 not adequately alleged what his lost underlying cause of action was. Specifically, plaintiff alleges
14 that he filed a petition for discovery pursuant to California Penal Code 1054.9, which authorizes
15 reasonable access to discovery materials from the prosecution or law enforcement authorities that
16 a defendant would have been entitled to at the time of trial. However, plaintiff does not describe
17 what materials he sought or what claims he believed he could bring with any discovery materials
18 he might have obtained. These vague allegations are insufficient for this court to apply the
19 "nonfrivolous" test. Harbury, 536 U.S. at 416.

20 Nor has plaintiff adequately alleged an "actual injury" in support of this claim.
21 Specifically, according to plaintiff, he filed two identical petitions with the California Supreme
22 Court. (Id. at 13.) On August 29, 2007, he filed his first petition but did not receive a case
23 number from the California Supreme Court in response to its filing. (Id.) Believing the Court did
24 not file his petition, plaintiff re-dated a copy of the same petition and re-submitted it for filing on
25 November 7, 2007. (Id.) Although plaintiff alleges that he had to withdraw his first petition
26 based on defendants' alleged conduct, he acknowledges that the California Supreme Court
27 contacted him and asked him if he wished to withdraw or proceed with the second petition. (Id.)
28 Plaintiff elected to proceed with his second petition, which the California Supreme Court

1  ultimately denied. (Id.) In this regard, again even if the facts alleged were proven to be true
2  plaintiff has not suffered an "actual injury" as a result of being "shut out of court." Harbury, 536
3  U.S. at 415. Accordingly, the court will recommend that this claim also be dismissed.
4      Finally, with regards to plaintiff's third claim for retaliation against defendant Harper,
5  plaintiff's allegations do not rise to the level of a constitutional violation. Prisoners have a
6  constitutional right to pursue civil rights litigation in the courts. See Rhodes v. Robinson, 408
7  F.3d 559, 567 (9th Cir. 2005). Prison officials may not retaliate against prisoners for doing so.
8  See id. at 568. However, the Ninth Circuit has made clear:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

13  Id. at 567-68.
14      Plaintiff's conclusory allegations against defendant Harper do not indicate that he or any
15  of the defendants were substantially motivated by, or because of, plaintiff's engagement in
16  protected conduct. For example, plaintiff has not alleged that defendant Harper gave plaintiff any
17  indication at the time he issued the prison rules violation report that he was motivated by
18  plaintiff's filing of complaints against various prison officials or his litigation in the courts.
19  Plaintiff only alleges that around the time defendant Harper filed the rules violation against him,
20  he had had filed a number of inmate appeals, prison condition habeas corpus petitions, and civil
21  lawsuits. (Sec. Am. Compl. at 15.) However, a retaliation claim cannot rest on the logical fallacy
22  of *post hoc, ergo propter hoc*, literally, "after this, therefore because of this." See Huskey v. City
23  of San Jose, 204 F.3d 893, 899 (9th Cir. 2000). Accordingly, the court will recommend that this
24  claim be dismissed.
25  /////
26  /////
27  /////
28  /////

For all of the foregoing reasons, the court finds that plaintiff's second amended complaint fails to state a cognizable claim and should be dismissed.[1]

II. <u>Plaintiff's Second Amended Complaint Should Be Dismissed Without Leave to Amend</u>

Plaintiff is proceeding on his second amended complaint. The court dismissed plaintiff's first amended complaint with leave to amend and at that time provided him with the legal standards that govern the constitutional claims he is attempting to pursue in this action. (Doc. No. 18) The undersigned now concludes that despite being provided an opportunity to do so, plaintiff cannot cure the deficiencies of his second amended complaint, and therefore, dismissal without leave to amend is appropriate. See <u>Chaset v. Fleer/Skybox Int'l</u>, 300 F.3d 1083, 1088 (9th Cir. 2002) (there is no need to prolong the litigation by permitting further amendment where the "basic flaw" in the underlying facts as alleged cannot be cured by amendment); <u>Lipton v. Pathogenesis Corp.</u>, 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's second amended complaint be dismissed for failure to state a claim; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that

/////

/////

---

[1] The court notes that, throughout plaintiff's second amended complaint, he summarily claims that defendants violated his First, Eighth, and Fourteenth Amendment rights. However, plaintiff has not alleged any facts in support of a claim brought under either the Eighth Amendment or Fourteenth Amendment. Plaintiff's claims for denial of access to the courts and retaliation are more appropriately brought under the First Amendment and the court has analyzed them accordingly.

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 24, 2014

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
lal1051.56