UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZHAR LAL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M.D. McDONALD et al.,<br><br>　　　　　Defendants. | No. 2:10-cv-1051 JAM DAD P<br><br><br>ORDER |

On March 10, 2014, plaintiff filed a third motion for an extension of time to file objections to the court's January 27, 2014 findings and recommendations in which the undersigned recommended that plaintiff's second amended complaint be dismissed for failure to state a claim. Plaintiff did not have the benefit of the court's March 5, 2014 order, granting his second motion for an extension of time when he filed his most recent motion for an extension of time. Accordingly, the court will deny his motion as unnecessary.

Plaintiff has also requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

1  The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (Doc. No. 34) is denied as unnecessary; and

2. Plaintiff's motion for appointment of counsel (Doc. No. 34) is denied.

Dated: March 20, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
lal1051.36d

2